**U.S. Equal Employment Opportunity Commission**
**33 Whitehall Street, 5th Floor**
**New York, NY 10004**
**Sebastian Riccardi**
**Senior Trial Attorney**
**(212) 336-3698**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------x
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

TOTAL GARAGE SOLUTIONS LIMITED LIABILITY COMPANY d/b/a TGS GARAGES & DOORS,

        Defendant.
------------------------------------------------------------x

Civil Action No. 19-cv-18965
ECF CASE

# COMPLAINT

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Kevin Perkins who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14 and 15 below, Defendant Total Garage Solutions Limited Liability Company d/b/a TGS Garages & Doors, whose principal place of business is 1709 NJ-34 Suite 2, Farmingdale, NJ 07727, subjected Perkins to racial harassment and created a hostile work environment because of his race.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Total Garage Solutions Limited Liability Company, d/b/a TGS Garages & Doors, has continuously been doing business in the State of New Jersey, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Perkins filed a charge with the Commission alleging violations of Title VII by Defendant.

7. The Commission investigated Perkins' charge.

8. On June 14, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated of Title VII by subjecting Perkins to a hostile work environment because of his race.

9. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On September 19, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least August 15, 2018, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2, when it subjected Perkins to a hostile work environment because of his race. Specifically:

   (a) Perkins began working for Defendant as a service technician on August 15, 2019.

   (b) Perkins, who is black, was the only non-white service or sales technician at Defendant.

(c) For two weeks Perkins was trained by riding along on service calls with his supervisor, Matt Sinicki. During those trips Sinicki constantly made racist comments. Specifically, Sinicki made frequent racist comments about watermelon, grape soda, and other topics stereotypically associated with African-Americans. Sinicki even once referred to one of Perkins' children as a "nigger." This kind of behavior continued even after Perkins asked Sinicki to stop and told Sinicki that he was offended by his use of racial slurs.

(d) In addition to the racist comments of his supervisor, Perkins was subjected to the racist comments of his co-workers. Each morning all the technicians, including Perkins, would gather at the warehouse to load their trucks for the day. During that time many of the all-white technicians would make racist jokes about the customers who they had seen the day before. During these sessions, many of the technicians also used the term "nigger" to refer to African-Americans.

(e) Defendant's management was aware of the racially hostile environment and did nothing to address it. Defendant's General Manager, Steve O'Brien and its Vice President of Revenue, Charles Appravato, witnessed, and in some cases, participated in the harassment. Appravato once even made fun of Perkins' skin color. During a staff meeting O'Brien laughed enthusiastically at a service tech's racist comment that black people could not control themselves around fried chicken. When Perkins' discomfort with that kind of behavior was brought to O'Brien's attention, instead of addressing the racist comments he made light of Perkins' discomfort.

15. Since on or about August 27, 2018, Defendants have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 by

constructively discharging Perkins because of his race. On or about August 27, 2018, the hostile work environment described above, as well as Defendant's failure to remedy it, became so intolerable that Perkins quit.

16. The effect of the practices complained of in paragraphs 14 and 15 above has been to deprive Perkins of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

17. The unlawful employment practices complained of in paragraphs 14 and 15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 14 and 15 above have been done with malice or with reckless indifference to the federally protected rights of Perkins.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination or harassment on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Perkins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14 and 15 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant to pay Perkins punitive damages for its malicious and reckless conduct, as described in paragraph 14 and 15 above, in amounts to be determined at trial.

E. Order Defendant to make Perkins whole by providing reinstatement, appropriate backpay with prejudgment interest, in an amount to be proved at trial and other affirmative relief to necessary to eradicate the effects of the unlawful employment practices complained of above.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: October 15, 2019
       New York, New York

>                          Sharon Fast Gustafson
>                          General Counsel
>
>                          Jams L. Lee
>                          Deputy General Counsel
>
>                          Gwendolyn Reams
>                          Associate General Counsel
>
>                          EQUAL EMPLOYMENT OPPORTUNITY
>                          COMMISSION
>                          131 M Street, N.E.
>                          Washington D.C. 20507
>
>
>                          Jeffrey Burstein
>                          Regional Attorney
>
>                          Justin Mulaire
>                          Supervisory Trial Attorney

/s/ Sebastian Riccardi
Sebastian Riccardi
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3698
Facsimile: (212) 336-3623